UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDA A. NNAJI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-03192-TWP-MJD |
| | ) | |
| DEPT. OF CHILD AND FAMILY SERVICES (DCS), SHELBY BAKER, AMY WALTERMIRE, and WILLIAM HANNON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Department of Child and Family Services ("DCS"), Family Case Manager Shelby Baker ("Baker"), Local Office Director Amy Waltermire ("Waltermire"), and Family Case Manager William Hannon ("Hannon") (collectively, "Defendants"). (Filing No. 20.) *Pro se* Plaintiff Linda A. Nnaji ("Nnaji"), alleges the Defendants deprived her of her Fourteenth Amendment rights. (Filing No. 19.) Defendants seek dismissal, arguing that while the second Amended Complaint ("Second Amended Complaint"), which is the controlling document of this case, offers more factual detail, those details fail to state a claim upon which relief can be granted against any of the Defendants. (Filing No. 21 at 1.) For the following reasons, the Motion is **granted**.

### I.     BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint and draws all inferences in favor of Nnaji as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Defendant Baker is a Family Case Manager for DCS, Defendant Waltermire is the DCS Local Office Director, and Defendant Hannon is a DCS Family Case Manager. Nnaji alleges that Baker and her supervisor, Waltermire, used a fake background check on her and manipulated information to place her grandson in foster care. ([Filing No. 19 at 1](#).) Specifically, on June 3, 2020, Nnaji and her grandson were assaulted by Nnaji's daughter, who is her grandson's mother. *Id.* at 2. After Nnaji drove home with her grandson, a police officer tried to pick her grandson up from the house, but he refused to leave. *Id.* Baker then went to Nnaji's residence, where her grandson informed Baker that he was being abused at his home and he wanted to remain with Nnaji. *Id.* Nnaji asked Baker why DCS kept closing "cases of child abuse" involving her grandson "when it was clear he was being beaten." *Id.* Baker "didn't like" this question and told Nnaji that she needed to run a "background check" on her to see if she could place her grandson in her home. *Id.* Baker then stepped outside the home, later returning with "results" that Nnaji had been "on the run since 1998 due to a fraud conviction" and that she had "a gun charge from 2004." *Id.* Though Nnaji denied these charges, Baker took Nnaji's grandson and placed him in foster care, where he remained for thirty-two days. Before leaving, however, Baker told Nnaji that she could attend a hearing on June 8, 2020, where she could ask the judge to waive her "criminal charges" and "consider her for guardianship" of her grandson. *Id.*

On June 8, 2020, Baker sent a text message to Nnaji, informing her that she could not recommend placing her grandson with her because Nnaji had a new charge: "perpetrator due to the concerns to kidnapping." *Id.* On June 17, 2020, Nnaji received a call from Hannon requesting to schedule a visit to inspect Nnaji's home for possible placement of her grandson. *Id.* Hannon visited Nnaji's home on June 18, 2020 and was shown the room that Nnaji's grandson would be staying in. *Id.* at 3. Hannon also gave Nnaji information about where she could get fingerprinted.

*Id.* On June 24, 2020, Nnaji drove to Richmond, Indiana and got her fingerprints taken. *Id.* Hannon then called Nnaji on July 17, 2020 and informed her that her grandson could not be placed with her. *Id.* Nnaji asked Hannon about her criminal charges and the results of her fingerprints, but Hannon informed her that he did not know about her criminal charges or the results of her fingerprints. *Id.*

Eventually, however, guardianship of Nnaji's grandson was awarded to Nnaji's other daughter, Brittany Hollie, who lived in Colorado. *Id.* at 3. Thereafter, Nnaji obtained a copy of her "police records" and "realized that her criminal history had been altered" and she believed it had been done so her grandson would be placed in foster care. *Id.* Additionally, Nnaji believes that the visit from Hannon and the fingerprinting was "a diversion of some sort and a waste of time and gas." *Id.* at 3. In December 2020, Nnaji filed for emergency custody of her grandson. *Id.* DCS was present at the hearing, and Nnaji was awarded emergency custody. *Id.* In March 2021, Nnaji was granted permanent guardianship of her grandson. *Id.*

Nnaji filed her original suit in this Court on December 11, 2020, (Filing No. 1), and the Amended Complaint was filed on January 8, 2021. (Filing No. 8.) Defendants then filed a Motion to Dismiss the Amended Complaint for failure to state a claim. (Filing No. 12.) The Court granted the Motion to Dismiss on May 14, 2021, but gave Nnaji leave to file a second amended complaint within 14 days. (Filing No. 18.) Nnaji filed her Second Amended Complaint on May 27, 2021, alleging that Defendants deprived her of her Fourteenth Amendment Rights. (Filing No. 19.) She seeks $1,000,000.00 in damages from the Defendants for (1) altering her criminal history and preventing her from going to court; (2) unnecessarily exposing her family to COVID-19; (3) failing to protect her grandson from physical abuse; and (4) making decisions based on personal feelings

3

instead of the best interests of her grandson. *Id.* at 3. Defendants' Motion to Dismiss the Second Amended Complaint is now before the Court. (Filing No. 20.)

## II.     LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. The allegations, however, must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Nnaji is proceeding without counsel. *Pro se* complaints like Nnaji's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so. Despite this liberal construction, the court will not invent legal arguments for litigants and is not obligated to accept as true legal conclusions or unsupported conclusions of fact. *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (internal quotations and citations omitted).

Nnaji invokes 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joilet*, 715 F.2d 1200, 1201 (7th Cir. 1983). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.  DISCUSSION

Like their previous motion to dismiss, Defendants contend that Nnaji's Second Amended Complaint fails to identify "a deprivation of federal right, privilege, or immunity" which is required for a Section 1983 claim, fails to identify an act or omission any named defendant took that constituted misconduct, and that any suit for monetary damages against government officials or entities in their official capacities is barred by the Eleventh Amendment.  (Filing No. 21 at 6-7.)

Defendants argue that Nnaji's Second Amended Complaint fails for the same reasons they outlined in their previous motion to dismiss and incorporates those arguments in this Motion.  *Id.* at 7.  Specifically, the Second Amended Complaint still fails to identify a violation of federal right that can be redressed under 42 U.S.C. § 1983.  *Id.*  Defendants contend the only new factual allegation against Waltermire is a telephone call on June 11, 2020.  *Id.*  While Nnaji explains that she told Waltermire "what happened," there are no allegations that Waltermire did or said anything. Likewise, Defendants allege that Nnaji has failed to provide any facts regarding misconduct on the parts of Baker or Hannon, other than the bald assertion that Baker used a fake background check. *Id.* at 8.

Rather than respond to Defendants' Motion to Dismiss, Nnaji filed a third Amended Complaint without permission from this Court.  (Filing No. 22.)  In reply, Defendants argue that

5

Nnaji has once again failed to appropriately respond to the Defendants' arguments and, thus, her Second Amended Complaint should be dismissed with prejudice.  (Filing No. 23 at 1.)

The Defendants' arguments are well taken.  Nnaji's Second Amended Complaint fails to identify a violation of any right protected by the Fourteenth Amendment, fails to identify how the acts or omissions allegedly taken by the Defendants violated her constitutional rights.  Her allegation against Waltermire —that Nnaji had a telephone call with Waltermire on June 11, 2020 and Nnaji explained what happened—does not state a sufficient set of facts to support a section 1983 violation.  Likewise, the additional facts regarding Baker and Hannon fail to establish facial plausibility for a Section 1983 claim for the same reason – the allegations do not constitute facial misconduct or a plausible violation of a federal right.  Moreover, Nnaji impermissibly (under the Eleventh Amendment) seeks damages against state employees sued in their official capacities.

The Court has once again generously construed Nnaji's Second Amended Complaint but agrees that it must be dismissed for the same reasons discussed in detail in its last Entry granting Defendants' Motion to Dismiss.  (*See* Filing No. 18.)  Importantly, Nnaji did not respond to the Defendants' Motion and instead, filed a third, unsanctioned, amended complaint.  She was warned about the danger of doing this in the Court's last Entry.  *Id.* at 8 n.1.  The Court noted in its last Entry, "[f]ailure to respond to an argument . . . results in waiver." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (citations omitted).  *Id.* at 8.  Nnaji was on notice of this waiver and has thus failed to respond to the Defendants' Motion.  Defendants' Motion to Dismiss is **granted**.  Because Nnaji has had ample opportunity to state a plausible claim for relief under 42 U.S.C. § 1983 and she has again failed to do so, the Second Amended Complaint is **dismissed** with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6).

## IV. CONCLUSION

For the reasons described above, the Court **GRANTS** Defendants' Motion to Dismiss, (Filing No. 20), and, as this was Nnaji's Second Amended Complaint, her claims are **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 11/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Linda A. Nnaji
408 East 38th Street
Anderson, Indiana  46013

Alexander Robert Carlisle
OFFICE OF THE INDIANA ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov